## CARLTON *v.* CONROY *et al.*

WHERE a Sheriff deposits, in his own name, with his banker money received from a sale by him under judicial process, its identity is lost, and it cannot be followed as a specific fund by the parties entitled to the proceeds of the sale into the hands of a third person who has drawn it from the banker upon the Sheriff's order.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*E. Cook*, for Appellant.

*Cyril V. Grey*, for Respondents.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The facts in this case which will determine our judgment are, in substance, as follows: The Sheriff of San Francisco County, D. Scannell, under various attachments and executions, sold certain property of the firm of Gladwin, Hugg & Co. The sale was conducted by Cobb as auctioneer, and he deposited the proceeds, as was his custom on other sales made for the Sheriff, with his banker promiscuously with his other money, and not specially as money belonging to the Sheriff. A controversy arose among the attaching creditors as to the application of the proceeds of that sale—and,

Carlton v. Conroy.

pending this, for the accommodation of one of them, McKenty, the Sheriff deposited about $3,000 with Coghill & Co., and took from them a promissory note for the amount, payable on demand. The money was paid to Coghill & Co. by means of a check drawn by the Sheriff on Cobb, who at the time had no other funds of the Sheriff in his hands except the proceeds of said sale. Sometime after this, the Sheriff had collected some money on an execution in favor of Conroy & O'Connor, and being called upon for it by their attorney, he indorsed and delivered to the attorney the promissory note of Coghill & Co. as security for a few days, and ultimately with the right to receive upon it the amount of money due to Conroy & O'Connor. The note did not specify the money as belonging to any particular fund, nor did it run to the Sheriff as such, but was simply a note to D. Scannell or order. Conroy & O'Connor, through their attorney, in pursuance of the authority from the Sheriff, received from Coghill & Co. the money on the note, and now hold it in satisfaction of the amount collected by the Sheriff on their execution. All these transactions, except the indorsement of the note, were made for the Sheriff by Harrison, his under Sheriff.

Carlton, the plaintiff in this action, having become the assignee in the bankruptcy of Gladwin, Hugg & Co., brings this action, claiming that the money received by Conroy & O'Connor on the note of Coghill & Co. is a part of the assets of his assignors, which the Sheriff had no right to pay in satisfaction of demands due by him to other persons, and that Conroy & O'Connor, under the circumstances, having received it for a past debt, and not upon any new consideration, may be treated as trustees for the plaintiff in this action.

Without considering the other objections that are raised to the right of Carlton to maintain this action, we are satisfied that the money in question in the hands of Conroy & O'Connor cannot be considered as a part of the assets of Gladwin, Hugg & Co. The sale divested Gladwin, Hugg & Co. of their title to the particular property, and although the Sheriff and his bondsmen might be liable to pay them the amount of any surplus of the proceeds that might remain after paying the creditors under whose process the property was sold, neither they, nor indeed the creditors, had any

title to the identical money that was paid on the sale. (*Turner* v. *Fendall*, 1 Cranch, 116.) By depositing the money with Coghill & Co., the Sheriff did not pay it to McKenty or any other claimant. He simply loaned to Coghill & Co., at the request of McKenty, so much money, taking care to preserve his control of it by taking a note to himself in his private capacity. Upon its being repaid to him, he paid the money due to Conroy & O'Connor. This is not a question as to the application of a fund in the Sheriff's hands, but simply whether a payment of money by a Sheriff to an execution creditor can be defeated by showing, from an examination of the Sheriff's accounts with his banker, or other person with whom he deposited the proceeds of sales, that he would not have had funds to make the payment in question, at the time he drew his check for it, if he had not had on deposit the proceeds of a sale in some other case. A right thus to search out and hold the proceeds of a sale, and to defeat payments by a Sheriff made under such circumstances, would occasion almost insuperable difficulties in the administration of the office of Sheriff, and we can see no principle upon which it can be sustained.

Judgment affirmed.